## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| DANIEL THOMAS ROBBINS,<br>    Plaintiff,<br>v.<br><br>THE CITY OF DES MOINES, IOWA, Des Moines Police Detective BRAD YOUNGBLUT, Des Moines Police Lieutenant JOSEPH LEO, and Des Moines Police Sergeant CHRISTOPHER CURTIS,<br>    Defendants. | Case No. 4:18-CV-289<br><br>ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND |

COMES NOW undersigned counsel, and hereby files this Answer, Affirmative Defenses, and Jury Demand on behalf of Defendant, City of Des Moines, Iowa, Brad Youngblut, Joseph Leo and Christopher Curtis, and states the following:

### JURISDICTION AND VENUE

1. Defendants admit to the allegations alleged in paragraph 1.

2. Defendants admit to the allegations alleged in paragraph 2.

### PARTIES

3. Defendants admit to the allegations alleged in paragraph 3.

4. Defendants admit to the allegations alleged in paragraph 4.

5. Defendants admit to the allegations alleged in paragraph 5.

6. Defendants admit to the allegations alleged in paragraph 6.

7. Defendants admit to the allegations alleged in paragraph 7.

### FACTS COMMON TO ALL COUNTS

8. Defendants lack sufficient information to admit or deny the allegations in paragraph 8, and therefore deny same.

9.  Defendants lack sufficient information to admit or deny the allegations in paragraph 9, and therefore deny same.

10. Defendants lack sufficient information to admit or deny the allegations in paragraph 10, and therefore deny same.

11. Defendants lack sufficient information to admit or deny the allegations in paragraph 11, and therefore deny same.

12. Defendants lack sufficient information to admit or deny the allegations in paragraph 12, and therefore deny same.

13. Defendants lack sufficient information to admit or deny the allegations in paragraph 13, and therefore deny same.

14. Defendants lack sufficient information to admit or deny the allegations in paragraph 14, and therefore deny same.

15. Defendants lack sufficient information to admit or deny the allegations in paragraph 15, and therefore deny same.

16. Defendants lack sufficient information to admit or deny the allegations in paragraph 16, and therefore deny same.

17. Defendants lack sufficient information to admit or deny the allegations in paragraph 17, and therefore deny same.

18. Defendants lack sufficient information to admit or deny the allegations in paragraph 18, and therefore deny same.

19. Defendants lack sufficient information to admit or deny the allegations in paragraph 19, and therefore deny same.

20. Defendants deny the allegations alleged in paragraph 20.

21. Defendants admit to the allegations alleged in paragraph 21.

22. Defendants admit to the allegations alleged in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants lack sufficient information to admit or deny the allegations in paragraph 24, and therefore deny same.

25. Defendants lack sufficient information to admit or deny the allegations in paragraph 25, and therefore deny same.

26. Defendants lack sufficient information to admit or deny the allegations in paragraph 26, and therefore deny same.

27. Defendants admit to the allegations alleged in paragraph 27

28. Defendants admit to the allegations alleged in paragraph 28.

29. Defendants admit to the allegations alleged in paragraph 29.

30. Defendants deny the allegations alleged in paragraph 30.

31. Defendants admit to the allegations alleged in paragraph 31.

32. Defendants admit to the allegations alleged in paragraph 32

33. Defendants admit to the allegations alleged in paragraph 33.

34. Defendants deny the allegations alleged in paragraph 34.

35. Defendants deny the allegations alleged in paragraph 35.

36. Defendants lack sufficient information to admit or deny the allegations in paragraph 36, and therefore deny same.

37. Defendants deny the allegations alleged in paragraph 37.

38. Defendants deny the allegations alleged in paragraph 38.

39. Defendants admit to the allegations alleged in paragraph 39.

40. Defendants admit to the allegations alleged in paragraph 40.

41. Defendants admit to the allegations alleged in paragraph 41.

42. Defendants deny the allegations alleged in paragraph 42.

43. Defendants admit to the allegations alleged in paragraph 43.

44. Defendants admit to the allegations alleged in paragraph 44.

45. Defendants admit to the allegations alleged in paragraph 45.

46. Defendants admit to the allegations alleged in paragraph 46.

47. Defendants admit to the allegations alleged in paragraph 47.

48. Defendants deny the allegations alleged in paragraph 48.

49. Defendants deny the allegations alleged in paragraph 49.

50. Defendants admit to the allegations alleged in paragraph 50.

51. Defendants admit to the allegations alleged in paragraph 51.

52. Defendants admit to the allegations alleged in paragraph 52.

53. Defendants deny the allegations alleged in paragraph 53.

54. Defendants admit to the allegations alleged in paragraph 54.

55. Defendants admit to the allegations alleged in paragraph 55.

56. Defendants admit to the allegations alleged in paragraph 56.

57. Defendants deny the allegations alleged in paragraph 57.

58. Defendants admit to the allegations alleged in paragraph 58.

59. Defendants admit to the allegations alleged in paragraph 59.

60. Defendants lack sufficient information to admit or deny the allegations in paragraph 60, and therefore deny same.

61. Defendants admit to the allegations alleged in paragraph 61.

62. Defendants admit to the allegations alleged in paragraph 62.

63. Defendants deny the allegations alleged in paragraph 63.

64.  Defendants lack sufficient information to admit or deny the allegations in paragraph

64, and therefore deny same.

65. Defendants admit to the allegations alleged in paragraph 65.

66. Defendants admit to the allegations alleged in paragraph 66.

67. Defendants admit to the allegations alleged in paragraph 67.

68. Defendants admit to the allegations alleged in paragraph 68.

69. Defendants deny the allegations alleged in paragraph 69.

70. Defendants lack sufficient information to admit or deny the allegations in paragraph

70, and therefore deny same.

71. Defendants lack sufficient information to admit or deny the allegations in paragraph

71, and therefore deny same.

72.  Defendants lack sufficient information to admit or deny the allegations in paragraph

72, and therefore deny same.

73. Defendants admit to the allegations alleged in paragraph 73.

74. Defendants admit to the allegations alleged in paragraph 74.

75. Defendants admit to the allegations alleged in paragraph 75.

76. Defendants lack sufficient information to admit or deny the allegations in paragraph

76, and therefore deny same.

77. Defendants admit to the allegations alleged in paragraph 77.

78. Defendants lack sufficient information to admit or deny the allegations in paragraph

78, and therefore deny same.

79. Defendants deny the allegations alleged in paragraph 79.

80. Defendants lack sufficient information to admit or deny the allegations in paragraph
80, and therefore deny same.

81. Defendants deny the allegations alleged in paragraph 81.

82. Defendants deny the allegations alleged in paragraph 82.

## CAUSE OF ACTION

### COUNT I
### FIRST AMENDMENT (42 U.S.C. §1983)
### (First Amendment Right To Be Free From Retaliation for Expressive Conduct)
### Plaintiff v. All Defendants

83. Defendants re-plead the foregoing paragraphs 1 thru 82 by reference, as if fully set
forth herein.

84. Defendants lack sufficient information to admit or deny the allegations in paragraph
84, and therefore deny same.

85. Defendants deny the allegations alleged in paragraph 85.

86. Defendants deny the allegations alleged in paragraph 86.

87. Defendants deny the allegations alleged in paragraph 87.

WHEREFORE, Defendant, City of Des Moines, prays that the court dismiss the Plaintiff's

Petition with prejudice, assess the costs of this action against the Plaintiff, and provide such other

relief as the Court deems appropriate.

### COUNT II
### Fourth Amendment (42 U.S.C. §1983)
### (False Arrest-Seizure)
### Plaintiff v. All Defendants

88. Defendants re-plead the foregoing paragraphs 1 thru 87 by reference, as if fully set
forth herein.

89. Defendants deny the allegations alleged in paragraph 89.

WHEREFORE, Defendant, City of Des Moines, prays that the court dismiss the Plaintiff's Petition with prejudice, assess the costs of this action against the Plaintiff, and provide such other relief as the Court deems appropriate.

## COUNT III
### Monell Claim-Failure to Train
### Plaintiff v. Defendant City of Des Moines

90. Defendants re-plead the foregoing paragraphs 1 thru 89 by reference, as if fully set forth herein.

91. Defendants deny the allegations alleged in paragraph 91.

92. Defendants deny the allegations alleged in paragraph 92.

WHEREFORE, Defendant, City of Des Moines, prays that the court dismiss the Plaintiff's Petition with prejudice, assess the costs of this action against the Plaintiff, and provide such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

COME NOW Defendants and for their affirmative defenses, set forth the following:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Defendants are not liable under 42 U.S.C. § 1983 because their actions were constitutional.

3. The actions of Defendant were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

4. Defendants have not violated any of the Plaintiff's First or Fourth Amendment rights.

5. There was reasonable suspicion to stop Plaintiff and seize his video equipment.

6.  Defendants at all times were motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

7.  Defendant City of Des Moines is not liable in respondeat superior.

8.  Defendant City of Des Moines cannot be found liable for punitive damages.

9.  The Defendants have qualified immunity.

10. Another party's fault exceeds the fault of the Defendants and bars any recovery.

11. Another party's fault must be compared with the fault of the Defendants, if any, and the Plaintiffs' award must be reduced or eliminated by that percentage of fault.

12. Plaintiff has not suffered damages.

13. The Defendant reserve the right to supplement their affirmative defenses as discovery continues in this case.

## JURY DEMAND

COMES NOW the Defendant and demand trial by jury on all claims to which it is entitled by law.

Respectfully submitted,


_/s/ Michelle R. Mackel-Wiederanders_
Michelle R. Mackel-Wiederanders    AT0004790
Assistant City Attorney
400 Robert D. Ray Drive
Des Moines, IA  50309-1891
Telephone:  (515) 283-4537
Facsimile: (515) 237-1718
E-Mail:  mrmackel@dmgov.org
ATTORNEY FOR CITY OF DES MOINES

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 11, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and thereby served all parties.


*/s/Michelle Mackel-Wiederanders*
Michelle Mackel-Wiederanders
Assistant City Attorney